DANIEL F. LYNCH  (DL-3025)
Attorney for Plaintiff
20 Vesey Street, Suite 410
New York, New York  10007
(212) 571-4888

JOHN S. YONG (JY-1101)
Attorney for Plaintiff
11 East Broadway
New York, New York 10038
(212) 233-6855

UNITED STATES DISTRICT COURT:
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                           :
HOK CHAU TUNG,                             :
                                           :
                        Plaintiffs,        :
                                           :   Plaintiff Demands
                                           :   Trial by Jury
              -against-                    :
                                           :
                                           :   COMPLAINT
                                           :
THE CITY OF NEW YORK, POLICE OFFICER       :   CIVIL ACTION
WILFREDO RIVERA (SHIELD NUMBER 08719),     :   08 Civ. 00181(RJH)
POLICE OFFICER LAWRENCE COGNATO (SHIELD    :
NUMBER 04973), LIEUTENANT LOUIS TURCO,     :
                                           :
                        Defendants.        :
                                           :
------------------------------------------X

          PLAINTIFF, HOK CHAU TUNG, by his attorneys, Daniel F. Lynch, and John S. Yong, for his complaint alleges as follows:

NATURE OF CLAIMS

          1.   Plaintiff seeks redress pursuant to 42 U.S.C.

1

Section 1983, et seq., for violation of rights secured by the Fourth Amendment, and by the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution.

2. Plaintiff also seeks redress under Article I, Section 11 of the New York State Constitution for denial of equal protection, and redress for tortious conduct against Plaintiff by defendants through Assault and Battery, Negligent Hiring, Training and Supervision, False Arrest and Imprisonment, and Prima Facie Tort.

3. Plaintiff requests a jury trial.

## JURISDICTION

4. This Court is empowered by 28 U.S.C. Section 1331, 1343, 1367, 2201, and 2202, to hear and decide these claims for relief. This Court has pendant and supplemental jurisdiction over all claims asserted herein under the laws of the State of New York, pursuant to 28 U.S.C. § 1367 (a).

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

PARTIES

6.  Plaintiff HOK CHAU TUNG is a Fifty-Four year old Asian-American male, a permanent resident alien in the United States, and he resides in the County of Kings, in the State of New York.

7.  Defendant Wilfredo Rivera [hereinafter "Rivera"], is a New York City Police Officer, Shield Number 08719, was employed by the New York City Police Department, and was assigned to the First Precinct at the time of the wrongs committed against Plaintiff. Defendant Lawrence Cognato [hereinafter "Cognato"], is a New York City Police Officer, Shield Number 04973, was employed by the New York City Police Department, and was assigned to the First Precinct at the time of the wrongs committed against Plaintiff. Defendant Louis Turco [hereinafter "Turco"], is a New York City Police Lieutenant, Shield Number unknown at this time, was employed by the New York City Police Department, and was assigned to the First Precinct at the time of the wrongs committed against Plaintiff. At all pertinent times, Rivera, Cognato, and Turco acted under color of State law, and with the express and implied permission and knowledge of defendant The City of New York and The New York City Police Department, and as employees, were acting within the scope of their employment and in furtherance of the business of The City of New York, and The New York City Police

Department.  Suit is brought against defendants Cognato, and Turco in their individual capacities.

8.   Defendant The City of New York [hereinafter "NYC"] is a municipal corporation existing under and by virtue of the laws, charters and statutes of the State of New York.  The New York City Police Department [hereinafter "NYCPD"] is a governmental entity and/or agency of NYC, duly organized under the laws of the State of New York.

PRELIMINARY FACTS

9.   Plaintiff has complied with all conditions precedent to commencing this action and, in particular, on or about August 20, 2007, within ninety (90) days after the claim upon which this action is based, Plaintiff duly served upon the defendants a Notice of Claim pursuant to and in full compliance with the provisions of § 50-e of the New York State General Municipal Law.

10.   More than thirty (30) days have elapsed since the service of the Notice of Claim and adjustment or payment thereof has been rejected or refused by the defendants.

11.   This action is being commenced within one (1) year and ninety (90) days after the happening of the event upon which

this claim is based.

12. Defendants have never requested a statutory hearing of the Plaintiff pursuant to New York State General Municipal Law § 50-h.

## STATEMENT OF FACTS

13. Plaintiff HOK CHAU TUNG was falsely arrested, detained, and viciously assaulted by defendants Rivera, Cognato, and Turco on or about June 19, 2007, at approximately 11:40 a.m., at or near Canal and Greene Streets, in the County of New York, City and State of New York. The arrest by defendants was made without cause or justification. Defendants did intentionally, negligently, wilfully, maliciously, wrongfully, unlawfully, and unjustifiably arrest, detain, and assault Plaintiff.

14. On or about June 19, 2007, Plaintiff was arrested and charged with Resisting Arrest and Disorderly Conduct without probable cause or reasonable suspicion that he had committed any crime or offense. Plaintiff was forcibly assaulted by defendants, and when he sought to remove himself from the beating, he was run over by a police scooter driven by defendant Turco, and was then arrested at or near Canal and Greene Streets in the County of New York. Plaintiff was struck repeatedly about the head, face, neck

and upper body by defendants.  When Plaintiff sought refuge from the assault by leaving the immediate location, he was run down by a scooter driven by Turco, and such contact with the scooter and pavement resulted in severe injuries to Plaintiff, including but not limited to a compound open leg fracture of the right tibia and fibula.  Plaintiff was arrested by defendants, and was ultimately taken to Bellevue Hospital where he received treatment for his injuries, including surgery to his leg.

15.   On or about June 19, 2007 through June 20, 2007, although he had committed no criminal acts, and was in fact the victim of a vicious assault, Plaintiff was charged with crimes, and held in custody for a period exceeding 24 hours before he was released.  Plaintiff's criminal case was ultimately adjourned in contemplation of dismissal on October 31, 2007.

16.   On or about June 21, 2007, Plaintiff underwent a surgical procedure at Bellevue Hospital on the compound and open fracture of his right tibia and fibula caused by defendants.  Plaintiff's injuries have resulted in a permanent disability to his right leg, which results in his use of either a wheelchair or cane and severely limited mobility.

17.   The conduct of the defendants in falsely arresting, detaining and assaulting Plaintiffs proximately caused Plaintiffs serious and permanent physical and emotional injury, pain and

suffering, mental anguish, humiliation and embarrassment.

18. All conduct of the defendants herein was gross, willful, wanton, intentional, purposeful, and reckless, negligent and careless.

19. All injuries suffered by Plaintiff were foreseeable results of the actions of defendants.

20. All injuries suffered by Plaintiff were as a direct and proximate cause of the acts and omissions of defendants, and were in no part the result of any act or omission of Plaintiff. Plaintiff did not contribute in any way to his own injuries.

<u>Monell Claim</u>

21. At all times material to this complaint, the defendant NYC, acting through NYCPD, had in effect de facto policies, practices, and customs that were a direct and proximate cause of the unconstitutional conduct of defendants Rivera, Cognato, and Turco. These de facto policies, practices and customs include, inter alia: the failure to properly screen, supervise, discipline, transfer, counsel, and/or otherwise control police officers engaged in the excessive and unjustified use of force, particularly those police officers who are repeatedly accused of

such acts; and, the police code of silence wherein police officers regularly cover-up police use of excessive and unjustified force by telling false and incomplete stories, or by failing to report the use of excessive and unjustified force by police officers.

22. The policy, practice and custom of failing to screen, discipline, supervise, counsel, transfer, and/or control police officers, is evidenced, inter alia, by the following: the increase in the number of allegations of excessive force complaints filed with the Civilian Complaint Review Board [hereinafter "CCRB"]; that in 1996, only 52 officers out of a force of 38,000 -- the largest police department in the country -- were punished because of action taken by the CCRB; that from July, 1993, to July, 1997, only one officer has been dismissed for brutality or other forms of misconduct which were investigated by the CCRB; that since at least 1984 defendant NYC has been on notice that their training of police officers has been inadequate and that police officers joining the force, including defendants Rivera, Cognato, and Turco, were disproportionately involved in misconduct and abuse, particularly involving excessive force and brutality (see, e.g., Mayor's Advisory Committee on Police Management and Personnel Policy, Final Report, February 24, 1987); that in 1990 the Office of Special Prosecutor, which investigated charges of police corruption, was abolished; that The Commission Report of the Commission to Investigate Allegations of Police Corruption and the Anti-Corruption Procedures of the Police Department ("Mollen

Commission Report"), dated July 7, 1994, states "As important as the possible extent of brutality, is the extent of brutality tolerance we found throughout the Department.  While the tolerance for brutality arises from the same set of police attitudes as the tolerance for corruption, there is an important difference. Unlike serious corruption, which most cops outwardly tolerate but inwardly deplore and resent, officers seem fairly tolerant -- both outwardly and inwardly -- of occasional police brutality. ... [M]any do not seem to believe that anything is really wrong with a few blows and bruises now and then.  Even officers who would never take a free cup of coffee, seem to tolerate what they believe is a little 'street justice.'  An excessive use of fists to face, nightsticks to ribs, and knees to groin are seen as the realities of policing."

23. On information and belief, the defendant NYC, and NYCPD have failed to effectively screen, hire, train, supervise and discipline their police officers, including the defendant police officers herein, for their propensity for violence, including excessive and unjustified force and restraint, lack of truthfulness, and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the defendant police officers herein to be in a position to assault, beat and/or excessively and unjustifiably restrain the Plaintiff and to otherwise cause him injury and violate his federal and state constitutional rights.

24. On information and belief, defendants Rivera, Cognato, and Turco have been the subject of prior civilian and departmental complaints of misconduct that gave notice to, or should have given notice to, the defendants that defendants Rivera, Cognato, and Turco were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by Plaintiff herein.

25. On information and belief, the defendant NYC, and NYCPD, maintained an inadequate structure for risk containment and stress management relative to its police officers, and failed to create proper means of containing such risk and managing such stress. Inter alia, the structure was deficient, at the time of selection of police officers and thereafter during their employment, in its ability to evaluate and exchange information within the command structure about the performance of individual police officers; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer; and in its ability to otherwise put the command structure on notice that an individual or individuals were at significant levels of risk to the public at large or to specific segments thereof. The effect of this was to permit police officers to function at levels of significant and substantial risk to the public.

26. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant NYC, and NYCPD, have

permitted and allowed the employment and retention of individuals as police officers whose individual circumstances place the public or segments thereof at substantial risk of being the victims of violent behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and are otherwise a direct and proximate cause of the injuries to Plaintiff herein.

27. As a direct and proximate result of the defendants' wrongful policies, practices, customs and/or usages complained of herein, Plaintiff has suffered severe physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment, both personally and professionally.

28. Defendant NYC is additionally liable under the legal principle of <u>Respondeat Superior</u>, in that defendants Rivera, Cognato, and Turco were on duty and were acting in the course and scope of their duties and employment as New York City Police Officers during the false arrest, detention, and assault upon Plaintiff.

<u>FIRST CLAIM FOR RELIEF</u>

<u>42 U.S.C. § 1983</u>

29. Plaintiff repeats and realleges every assertion

contained in paragraphs "1" through "28" of this Complaint as if recited at length herein.

30. By the aforesaid acts, defendants have violated Plaintiff's rights to the equal protection of laws under the Fourteenth Amendment to the United States Constitution, thereby giving rise to a cause of action pursuant to 42 U.S.C. § 1983.

31. The conduct and actions of defendants Rivera, Cognato, and Turco, and defendant NYC, acting under color of law, in falsely arresting, detaining, and physically assaulting Plaintiffs, was done intentionally, maliciously and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific and serious bodily, mental and emotional harm, pain and suffering in violation of the Plaintiffs' Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Fourteenth Amendment to the United States Constitution.  The above-described actions and omissions engaged in under color of state law by the defendants, including defendant NYC, sued as a person within the meaning of Title 42 U.S.C. § 1983, et seq., deprived the plaintiffs of rights including, but not limited to, his rights under the First Amendment guaranteeing freedom expression and association, the Fourth Amendment guaranteeing protection against unlawful seizure of a person, the Fifth and Fourteenth Amendments guaranteeing due process and equal protection

under the law, and the Eighth Amendment guaranteeing protection from cruel and unusual punishment, and Title 42 U.S.C. 1983, et seq.

32. By reason of the Constitutional violations by defendants, Plaintiff has been damaged as set forth above.

SECOND CLAIM FOR RELIEF

New York Constitution Art. I, § 11

33. Plaintiff repeats and realleges every assertion contained in paragraphs "1" through "32" of this Complaint as if recited at length herein.

34. By the aforesaid acts, defendants have violated Plaintiff's right to the equal protection of laws under Article I, § 11 of the New York State Constitution, thereby giving rise to a cause of action pursuant to that Article.

35. The conduct and actions of defendants Rivera, Cognato, and Turco, and defendant NYC, acting under color of law, in falsely arresting, detaining, and physically assaulting Plaintiff, was done intentionally, maliciously and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed

to and did cause specific and serious bodily, mental and emotional harm, pain and suffering in violation of the Plaintiff's Constitutional rights as guaranteed under laws and Constitution of the State of New York.  The above-described actions and omissions engaged in under color of state law by the defendants, including defendant NYC, sued as a person within the meaning of Article I, § 11, deprived the plaintiff of rights, including but not limited to, his rights under Article I, § 8, 9, guaranteeing freedom of expression and association, Article I, § 12, guaranteeing protection against unlawful seizure of a person, Article I, § 11 guaranteeing due process and equal protection under the law, and Article I, § 5 guaranteeing protection from cruel and unusual punishment.

36. By reason of the Constitutional violations by defendants, Plaintiff have been damaged as set forth above.

THIRD CLAIM FOR RELIEF

Negligent Hiring, Training and Supervision

37. Plaintiff repeats and realleges every assertion contained in paragraphs "1" through "36" of this Complaint as if recited at length herein.

38. The above-described injuries suffered by the

14

Plaintiff are the proximate result of the negligence of the defendant NYC, and NYCPD, in that the defendant NYC, and NYCPD failed to exercise reasonable care in the hiring, employment, supervision, and training of its employees.

39. The defendant NYC, and NYCPD had, or should have had, knowledge of the vicious and violent tendencies of its employees, including defendants Rivera, Cognato, and Turco. Defendant NYC, and NYCPD knew or should have known of the unlawful actions of Rivera, Cognato, and Turco through actual and constructive notice of their unlawful activities, including, but not limited to those allegations as set forth in paragraphs "21," "22," "23," "24," "25," "26," "27," and "28" above. Defendant NYC, and NYCPD failed to exercise reasonable care by retaining and not terminating the employment of defendants Rivera, Cognato, and Turco, or taking other appropriate corrective action. The occurrences complained of herein were due to the negligence and recklessness of the defendant NYC, and NYCPD.

40. By reason of the tortious conduct of defendants, Plaintiff has been damaged as set forth above.

FOURTH CLAIM FOR RELIEF

Assault and Battery

41. Plaintiff repeats and realleges every assertion

contained in paragraphs "1" through "40" of this Complaint as if recited at length herein.

42. By the aforesaid acts and omissions, defendants have caused physical harm and injury upon the person of Plaintiff. Defendants acted willfully, unlawfully, maliciously, recklessly, unjustifiably, and negligently. Plaintiff was the victim of a vicious assault with serious and obvious injuries to the person of Plaintiff, which was caused both intentionally and negligently in a series of connected acts by defendants.

43. By reason of the tortious conduct of defendants, Plaintiff has been damaged as set forth above.

### FIFTH CLAIM FOR RELIEF
### False Arrest and Imprisonment

44. Plaintiff repeats and realleges every assertion contained in paragraphs "1" through "43" of this Complaint as if recited at length herein.

45. By the aforesaid acts, defendants have unlawfully and unjustifiably arrested and detained Plaintiff without any lawful cause whatsoever. Defendants acted willfully, unlawfully, maliciously, recklessly, and negligently in arresting and detaining

Plaintiff, despite Plaintiff's innocence, and utilized the criminal justice system to prosecute Plaintiff.

46. By reason of the tortious conduct of defendants, Plaintiff has been damaged as set forth above.

### SIXTH CLAIM FOR RELIEF
#### Prima Facie Tort

47. Plaintiff repeats and realleges every assertion contained in paragraphs "1" through "46" of this Complaint as if recited at length herein.

48. In falsely arresting, detaining, and assaulting Plaintiff, defendants acted with malicious intent, recklessness, and negligence, to injure and harm Plaintiff.

49. By reason of the tortious conduct of defendants, Plaintiff has been damaged as set forth above.

50. For all claims arising under New York State Law, defendants are jointly and severally liable to the Plaintiff inasmuch as this action arises out of the exceptions set forth in § 1602, subdivisions 5, 7, and 11 of the Civil Practice Law and

Rules.

WHEREFORE, Plaintiff HOK CHAU TUNG respectfully requests judgment upon all causes of action against defendants as follows:

1. With respect to defendant The City of New York:
   (a) declaratory judgment declaring that defendant NYC has violated the aforesaid statutes and constitutions;
   (b) restitution to plaintiff of rights, privileges, benefits and income (including back pay and front pay) which would have been received by him but for the defendants' unlawful, wrongful, tortious, and unconstitutional conduct;
   (c) compensatory damages in an amount to be determined by the court and jury;
   (d) punitive damages in an amount to be determined by the court and jury;
   (e) reasonable attorney's fees, disbursements and costs of this action, pursuant to 42 U.S.C. § 1988;
   (f) all legal and statutory interest on sums awarded;
   (g) such other and further relief as this honorable court may deem just, proper and equitable.

2. With respect to defendants Rivera, Cognato, and Turco:
   (a) declaratory judgment declaring that defendants

have violated the aforesaid statutes and constitutions;

(b)  restitution to plaintiff of rights, privileges, benefits and income (including back pay and front pay) which would have been received but for defendants' unlawful, wrongful, tortious, and unconstitutional conduct;

(c)  compensatory damages in an amount to be determined by the court and jury;

(d)  punitive damages in an amount to be determined by the court and jury;

(e)  reasonable attorney's fees, disbursements and costs of this action, pursuant to 42 U.S.C. § 1988;

(f)  all legal and statutory interest on sums awarded;

(g)  such other and further relief as this honorable court may deem just, proper and equitable.

DATED:  New York, New York
        January 8, 2008

                                      Respectfully Submitted,

                              By      _____
                                      Daniel F. Lynch (DL-3025)
                                      Attorney for Plaintiffs
                                      20 Vesey St., Suite 410
                                      New York, New York  10007
                                      (212) 571-4888