


THE CITY OF NEW YORK

MICHAEL A. CARDOZO
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

HILLARY A. FROMMER
*Senior Counsel*
Phone: (212) 788-0823
Fax: (212) 788-9776
hfrommer@law.nyc.gov

February 5, 2008

**VIA FACSIMILE (212) 805-7948**
The Honorable Richard J. Holwell
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10004

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/08
```

Re:   Tung v. City of New York,
      08 Civ. 181 (RJH)(FM)

Dear Judge Holwell:

I am the Senior Counsel with the Office of the Corporation Counsel assigned to the defense for defendant City of New York. I write with respect to the above-referenced matter in which plaintiff alleges that he was falsely arrested and subjected to excessive force by Police Officer Wilfredo Rivera, Police Officer Lawrence Cognato, and Lieutenant Louis Turco of the New York City Police Department. Defendant City respectfully requests that its time to respond to the complaint be extended for sixty (60) days from the current due date of February 12, 2008 until April 14, 2008. I have spoken with plaintiff's counsel and plaintiff consents to this request.

There are several reasons for seeking an enlargement of time. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, defendant City needs this additional time to investigate the allegations of the complaint. It is our understanding that the records of the underlying criminal actions, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office has forwarded to plaintiffs through their counsel for execution consents and authorizations for the release of sealed records so that the defendant can access the information, properly assess the case, and respond to the complaint. Additionally, because the individual plaintiff has alleged physical injury as a result of the events complained of, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of medical records, at this point limited to the incident, again so that the defendant can access the information, properly assess the case, and respond to the complaint.

Finally, upon information and belief, the individual defendants have been served with the summons and complaint. This office has not discussed with the individual defendants the manner of service, and we make no representation herein as to the adequacy of process on defendants. Although this office does not currently represent officers Rivera, Cognato, and Turco in this action, assuming proper service, this office respectfully requests this extension on their behalf in order that the officers' defenses are not jeopardized while representational decisions are being decided. while *See Mercurio v. The City of New York et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Accordingly, we respectfully request that defendant City's time to answer or otherwise respond to the complaint be extended to April 14, 2008.

Thank you for your consideration in this matter.

*Application Granted*
*So ORDERED*
[signature] 2/11/[illegible]

Respectfully submitted,

[signature]
Hillary A. Frommer (HF-9286)
Senior Counsel

cc:   David Lynch, Esq. (via facsimile)

2