UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

HOK CHAU TUNG,

                         Plaintiff,

            -against-

THE CITY OF NEW YORK, POLICE OFICER
WILFREDO RIVERA (SHIELD NUMBER 08719),
POLICE OFFICER LAWRENCE COGNATO (SHIELD
NUMBER 04973), LIEUTENANT LOUIS TURCO,

                         Defendants.

------------------------------------------------------------------------ x

**ANSWER BY DEFENDANT CITY OF NEW YORK**

**JURY TRIAL DEMANDED**

08 Civ. 0181 (RJH)

        Defendant City of New York, by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for an answer to the complaint, respectfully alleges upon information and belief as follows.

        1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

        2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

        3. Defendant states that the allegations set forth in paragraph "3" of the complaint are not averments requiring response.

        4. Deny the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to bring this action and invoke the jurisdiction of this Court as stated therein.

        5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to bring this action in the venue of this Court as stated therein.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that Louis Turco is employed as a lieutenant with the New York City Police Department and Lawrence Cognato is employed as a police officer with the New York City Police Department.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York is a municipal corporation. Defendant respectfully refers this Court to the New York City Charter and the New York City Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Denies knowledge or information sufficient to form a belief a to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Defendant knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint.

## FOR A FIRST AFFIRMATIVE DEFENSE

51. The complaint fails to state a claim upon which relief can be granted.

## FOR A SECOND AFFIRMATIVE DEFENSE

52. Any injuries in the complaint were caused, in whole or in part, by plaintiff's culpable or negligent conduct.

## FOR A THIRD AFFIRMATIVE DEFENSE

53. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

## FOR A FOURTH AFFIRMATIVE DEFENSE

54. Plaintiff provoked any incident.

## FOR A FIFTH AFFIRMATIVE DEFENSE

55. There was probable cause for plaintiff's arrest.

## FOR A SIXTH AFFIRMATIVE DEFENSE

56. Plaintiff's claims are barred, in part, by failing to comply with all conditions precedent to suit.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

57. Defendant City has not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has the defendant violated any act of Congress providing for the protection of civil rights.

WHEREFORE, defendant City of New York respectfully requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
      June 2, 2008

      MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendant City
100 Church Street
Room 3-212
New York, New York 10007
(212) 788-0823

By: _____
Hillary A. Frommer (HF 9286)
Senior Counsel

Index No. 08 Civ. 0181 (RJH)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOK CHAU TUNG,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFICER WILFREDO RIVERA (SHIELD NUMBER 08719), POLICE OFFICER LAWRENCE COGNATO (SHIELD NUMBER 04973), LIEUTENANT LOUIS TURCO,

Defendants.

**ANSWER BY DEFENDANT CITY OF NEW YORK**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Hillary A. Frommer*
*Tel: (212) 788-0823*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ......................................., 200......*

*................................................................. Esq.*

*Attorney for................................................................*